UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS MANUEL GOMEZ
MARTINEZ,

               Petitioner,

v.

                                     Case No. 3:26-cv-1007-MMH-MCR

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

               Respondents.

_____

## ORDER

Petitioner Carlos Manuel Gomez Martinez, an immigration detainee, is proceeding pro se on a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition). See generally Petition. Martinez is a citizen of Cuba who entered the United States on an unknown date. Supporting Documents (Doc. 1-1) at 14. On April 15, 2022, United States Immigration and Customs Enforcement (ICE) released him on his own recognizance. Id. at 13. And, on December 15, 2025, ICE re-detained Martinez. Petition at 4, 6. Martinez alleges that he "requested release on bond before an Immigration Judge, and the request was denied." Id. at 6. In the Petition, he raises various challenges to his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 6–7.

The Federal Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 7; Response) asserting that they are now detaining Martinez under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Response at 2. They also explain that, although Martinez alleges that his bond request was denied, "ICE reports that it has no records reflecting that Petitioner made a request for bond in the immigration court or that bond was denied by the immigration judge." Id. at 1–2. Additionally, they note that Martinez "did not attach the bond denial decision to his Petition." Id. at 1.

When Martinez was detained in December 2025, Petition at 4, 6, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226, see id. at 1285 (recognizing the "longstanding border-interior distinction" for

purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).[1] Accordingly, it is

**ORDERED**:

1.     Martinez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either afford Martinez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.

---

[1] Insofar as the Federal Respondents argue that Martinez failed to exhaust his administrative remedies prior to filing this case, the Court rejects that argument. See Response at 2. At the time Martinez filed this case, any administrative request for a bond hearing would have been futile, because the Board of Immigration Appeals (BIA) had conclusively determined that immigration judges had no authority to consider bond requests from noncitizens like Martinez. See In re Yajure Hurtado, 29 I. & N. Dec. 216, 220–28 (BIA 2025). Because the BIA had "predetermined" the issue, requiring Martinez to pursue administrative remedies before the Petition was filed would have been futile. McCarthy v. Madigan, 503 U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it"); see, e.g., Fonseca v. Ripa, No. 3:26-cv-309-MMH-MCR, 2026 WL 1072778, at *2 (M.D. Fla. Apr. 21, 2026) ("Requiring [the petitioner] to appeal [the immigration judge's denial of his request for a custody redetermination] to the BIA or make any further administrative request for a bond hearing would be futile."); Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr., No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of [the p]etitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under Matter of Yajure Hurtado, any prudential exhaustion requirements are excused for futility.").

[2] Because the Court finds that Martinez is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

If Respondents release Martinez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of July, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record
Carlos Manuel Gomez Martinez

4